ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Leidos, Inc., f/k/a Science Applications | ) ASBCA No. 59076 |
| International Corporation | ) |
| | ) |
| Under Contract No. W56HZV-05-C-0724 | ) |

APPEARANCES FOR THE APPELLANT:       Karen L. Manos, Esq.
                                     Melissa L. Farrar, Esq.
                                       Gibson, Dunn & Crutcher LLP
                                       Washington, DC

APPEARANCES FOR THE GOVERNMENT:      E. Michael Chiaparas, Esq.
                                       DCMA Chief Trial Attorney
                                     Robert L. Duecaster, Esq.
                                       Trial Attorney
                                       Defense Contract Management Agency
                                       Manassas, VA

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON BOARD JURISDICTION AND THE GOVERNMENT'S REQUEST TO
SUBSTITUTE THE REPRESENTATIVE CONTRACT

In this appeal from a government claim, the government seeks reimbursement from Leidos, Inc., f/k/a Science Applications International Corporation (Leidos) of costs Leidos misallocated to its CAS-covered contracts. The corporate administrative contracting officer's (CACO) decision failed to properly identify a representative contract between Leidos and the government. Accordingly, the government seeks to substitute a proper representative contract. Leidos takes no position on the government's request. However, without moving to dismiss the appeal, Leidos suggests the Board may not possess jurisdiction due the government's failure to identify a contract with Leidos. We grant the government's request to substitute.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 6 November 2013, a CACO of the Defense Contract Management Agency issued a final decision to Science Applications International Corporation (now known as Leidos, Inc.) (R4, tab 10). In summary, the decision alleged that Leidos had failed to comply with Cost Accounting Standard (CAS) 403, which, according to the decision, requires the company's home office expenses to be allocated based on the beneficial or causal relationship between supporting and receiving activities. The decision alleged that

Leidos had failed to allocate legal expenses of a contract awarded by the Greek government directly to the segment, Company 6, that caused and/or benefitted from the expenses. Instead, Leidos allocated the costs through a corporate home office indirect cost pool, Company 9, to all segments in that pool's base. (*Id.*)

2. On 28 June 2012, Leidos had previously responded to a CACO determination of its CAS noncompliance regarding the Greek contract with a statement that its acts affected fiscal years 2006 through 2010 (R4, tab 9). The CACO subsequently concluded that fiscal years 2011 and 2012 were also affected. However, after Leidos made certain revisions to it submissions, the CACO determined there were no cost impacts associated with fiscal years 2006 and 2008, and only an estimated cost impact for fiscal year 2009. (R4, tab 10 at 229)

3. On 28 June 2012, Leidos also submitted a general dollar magnitude (GDM) proposal describing the cost impact of its CAS noncompliance on its CAS-covered contracts. Leidos explained that it had readjusted its allocation of the Greek contract legal costs, removing them from the Company 9 cost allocations for fiscal years 2006 and 2010 and including them in the allocations for Company 6. But, Leidos insisted that its original misallocations had never affected fixed-price contracts because the legal costs at issue were not included in forward pricing rates. (R4, tab 9) Nevertheless, the CACO's final decision estimated a total cost that included CAS-covered, flexibly-priced and fixed-price contracts. With interest, the decision demanded $7,243,489. The decision identified subcontract CRN 161581 (under Contract No. W56HZV-05-C-0724) as a representative contract affected by the noncompliance. (R4, tab 10 at 229-30)

4. On 16 December 2013, Leidos appealed the CACO's decision to this Board. In its 21 January 2014 complaint, Leidos conceded that the Greek contract costs should have been allocated to Company 6 (compl. ¶ 5). Leidos also agreed with the government as to the amount of increased costs the government paid on Leidos' CAS-covered, flexibly-priced contracts because of Leidos' misallocation, and represented that Leidos would reimburse the government for that amount (*id.*). However, Leidos denied that its misallocation had any cost effect on its CAS-covered, fixed-price contracts because the Greek contract costs were not included in its forward pricing rates (compl. ¶ 6). Significantly, Leidos also noted that Contract No. W56HZV-05-C-0724, which the CACO's final decision had identified as the representative contract, had not been awarded to it (compl. ¶ 7).

5. As part of its 21 February 2014 answer to the complaint, the government included a motion to substitute the representative contract. The motion admitted that Contract No. W56HZV-05-C-0724 was not between the government and Leidos. The government requested that Contract No. W9113M-08-D-0004 be substituted into the appeal's caption as the representative contract, indicating that contract is between the government and Leidos. (Answer at 6)

6. Leidos' response to the government's motion does not take a position on the government's request. It does, however, opine that a claim must cite an appropriate contract or be dismissed for lack of jurisdiction, and it then asserts that we are always obligated to determine whether we posses jurisdiction. Leidos does not, however, request that the appeal be dismissed for lack of jurisdiction.

## DECISION

We are satisfied we possess jurisdiction over this appeal. Here, the government claims reimbursement from Leidos because Leidos misallocated costs to its CAS-covered contracts. However, the one "representative contract" identified by the decision is not between the government and Leidos. We recently addressed this very situation in *The Boeing Company*, ASBCA No. 58587, 14-1 BCA ¶ 35,470. There, the government made the same mistake in a final decision seeking reimbursement from Boeing of corporate procurement costs allegedly misallocated to CAS-covered contracts. Boeing sought dismissal of its appeal from the decision for lack of jurisdiction, because the representative contract cited by the decision was not between Boeing and the government. In denying Boeing's motion, we recognized that, under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, a government claim must be "against a contractor relating to a contract." 41 U.S.C. § 7103(a)(3). However, though the CDA requires a claim to relate to a contract, it need not specifically identify a contract by number. In *Boeing*, the government's claim did not relate to a single contract, but to the propriety of costs Boeing charged to all of its defense contracts subject to the CAS. There was no suggestion Boeing had failed to identify the applicable contracts to which the decision related, which was confirmed by Boeing's communications about its cost allocations to its contracts and by its GDMs. Given that the claim related to contracts with Boeing, and Boeing either knew or could identify the contracts to which it related, the claim was valid despite the fact that the particular "representative contract" cited by the government had not been with Boeing.

There is no relevant difference between *Boeing* and the record presented here. Like *Boeing*, here, the government asserts a claim relating to multiple CAS-covered contracts with Leidos for reimbursement of misallocated costs (SOF ¶ 1). Like *Boeing*, before the decision was issued, Leidos provided the government with a GDM describing the cost impact of its misallocations upon those contracts, with no indication either then or now it could not identify them (SOF ¶ 3). Indeed, as the complaint explains, Leidos essentially concedes liability upon the portion of the CACO decision relating to flexibly-priced contracts and represents that it will pay that part of the claim (SOF ¶ 4). The complaint observes that the dispute now centers upon whether Leidos' acts have affected its fixed-price contracts. Leidos represents that its calculation of forward pricing rates excluded the Greek contract at issue, and therefore its CAS noncompliance did not impact those contracts (compl. ¶ 45). It is clear from its statements Leidos knows or can identify what contracts the claim relates to.

3

Like *Boeing*, this claim relates to contracts with Leidos. Like *Boeing*, Leidos either knows or can identify the contracts to which the claim relates. Accordingly, under *Boeing*, the claim is valid despite the fact that the one "representative contract" cited by the decision is not with Leidos.

Leidos does not deny that Contract No. W9113M-08-D-0004 is between it and the government. Nor does it oppose substituting it as the representative contract for this appeal. Accordingly, we grant the government's motion to do so.

## CONCLUSION

The Board possesses jurisdiction over the appeal. The government's motion to substitute Contract No. W9113M-08-D-0004 is granted. From now on, the appeal's caption shall contain that contract number.

Dated: 6 June 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59076, Appeal of Leidos, Inc., f/k/a Science Applications International Corporation, rendered in conformance with the Board's Charter.

Dated:

_____
JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
